UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 12-307-KSF

TED HENN, JR.                                                                    PLAINTIFF

v.                                          **OPINION & ORDER**

PINNACLE PUBLISHING, LLC and
ANTHONY HOSLET                                                       DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon motion of the defendants, Pinnacle Publishing, LLC and Anthony Hoslet, to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, to transfer this matter to the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. § 1404.  The plaintiff, Ted Henn, Jr., opposes the defendants' motion.  For the reasons set forth below, the defendants' motion to dismiss will be granted.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Henn, a resident of Lexington, Kentucky,  filed this civil action in Fayette Circuit Court on September 11, 2012 [DE #1].  In his complaint, Henn asserts wrongful termination, hostile work environment, and retaliation claims based on the Kentucky Civil Rights Act, KRS 344 *et seq.,* as well as a negligence claim under state law.  Henn's claims arise out of his employment by the defendant, Pinnacle Publishing, LLC ("Pinnacle"), where he was supervised by the defendant, Anthony Hoslet ("Hoslet").  Pinnacle is a Minnesota company that sells ads in the Yellow Pages. Its principal place of business is located in Bemidiji, Minnesota, and Hoslet is a resident of Wisconsin.  Based on diversity jurisdiction, the action was subsequently removed to this Court pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1446 [DE #1].

The defendants have filed their motion to dismiss pursuant to Rule 12(b)(6), or in the alternative, to transfer this action to the United States District Court for the District of Minnesota [DE #6]. In support of their motion, the defendants argue that Henn has failed to state a claim under the Kentucky Civil Rights Act because he fails to even allege that the actions he claims to have been subjected to at Pinnacle were in any way because of his membership in a protected class. They also argue that Hoslet does not qualify as an employer under the Kentucky Civil Rights Act, and thus, he cannot be held liable for his conduct under the Kentucky Civil Rights Act. Finally, the defendants argue that Henn's negligence claims should be dismissed because Kentucky law does not support such a claim and because the Kentucky Worker's Compensation Act provides the exclusive remedy for his purported work-related injury.

## II.    MOTION TO DISMISS STANDARD

The standard for ruling on a motion to dismiss is that a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), abrogating *Conley v. Gibson*, 355 U.S. 41 (1957).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Id.* at 555 (internal citations and quotation marks omitted).

In ruling upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), all of a plaintiff's allegations are presumed true, and the complaint is construed in the light most favorable to the plaintiff. *Hill v. Blue Cross and Blue Shield of Michigan*, 409 F.3d 710, 716 (6th Cir. 2005). A district court may not grant a Fed. R. Civ. P. 12(b)(6) motion because it does not

2

believe the complaint's factual allegations. *Wright v. MetroHealth Medical Center,* 58 F.3d 1130, 1138 (6th Cir.1995).   However, "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop v. Lucent Technologies, Inc.*, No. 07-3435 (6th Cir. 3/25/08) (citing *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

## III.   ANALYSIS

The Court first turns to Henn's claims based on the Kentucky Civil Rights Act ("KCRA"). The KCRA prohibits employers from discriminating against any individual "because of the individual's race, color, religion, national origin, sex, age forty (40) and over, because the individual is a qualified individual with a disability, or because the individual is a smoker or nonsmoker." KRS 344.040.  The KCRA provides for execution of the policies embodied in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.   *See Palmer v. International Association of Machinists and Aerospace Workers*, 882 S.W.2d 117, 119 (Ky. 1994).  Thus, in order to establish a violation of the KCRA, a plaintiff must prove the same elements as required for a prima facie case of discrimination under Title VII.  Kentucky courts look to federal decisions interpreting the federal act, and these cases are "most persuasive, if not controlling, in interpreting the Kentucky statute." *White v. Rainbo Baking Co.*, 765 S.W.2d 26, 28 (Ky.App. 1988); *Commission on Human Rights v. Commonwealth*, 586 S.W.2d 270, 271 (Ky.Ap. 1979).

The United States Supreme Court has established a framework for analyzing employment discrimination cases where the plaintiff's case is based on circumstantial evidence in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under this framework, the plaintiff has the initial burden of proving a prima facie case of discrimination by a preponderance of the evidence.  *Id.* at 802.  In order to establish a prima facie case of discrimination, the plaintiff must first establish that

3

he is a member of a protected class. Henn has made no such allegation. While he alleges that he was treated differently than other employees, he has not alleged that he suffered any adverse employment action as a result of his membership in any protected class. Absent some causal link between his membership in a protected class and the actions to which he was allegedly subjected, his claims under the KCRA must be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Henn's KCRA claim against Hoslet is also subject to dismissal for an additional reason. In *Wathen v. General Electric Co.*, 115 F.3d 400, 405 (6th Cir. 1997), the Sixth Circuit held that "an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII.." Moreover, in *Palmer v. International Association of Machinists*, the Kentucky Supreme Court found that two individuals could not be liable for discrimination because they did not qualify as employers as defined in the KCRA. *See* KRS 344.030(2). Based on these cases, Hoslet cannot be liable to Henn for any civil rights violations under the KCRA.

Finally, Henn's claim for negligence warrants dismissal. Henn claims that Pinnacle negligently hired and retained Hoslet, causing him to be subjected to extreme humiliation, embarrassment, and loss of personal dignity. He further alleges that he was wrongfully supervised by Hoslet. Essentially, Henn is camouflaging his untenable hostile work environment claim as a negligence claim.

While Kentucky courts have recognized the tort of negligent hiring and retention, those cases involved suits by third parties against an employer whose employee caused harm to someone they did not employ. *See Stalbosky v. Belew*, 205 F.3d 890 (6th Cir. 2000); *Oakley v. Flor-Shin, Inc.*, 964 S.W.2d 438, 442 (Ky.App.1998). Henn has cited no Kentucky cases which allow an employee to sue his own employer under a negligence theory for an alleged hostile work environment created by

4

a coworker or supervisor.  As a result, Henn's negligence claim against the defendants will be dismissed.

Accordingly, the Court, being fully and sufficiently advised, hereby **ORDERS** that the defendants' motion to dismiss [DE #6] is **GRANTED** and this matter is **DISMISSED** and **STRICKEN** from the active docket.

This December 7, 2012.

**Signed By:**

**_Karl S. Forester_**  $K s F$

**United States Senior Judge**